■ JESSIE COHEN, Individually and as Guardian ad Litem of MARGARET COHEN, an Infant, Appellant, v. AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS et al., Respondents.— In an action to recover damages for personal injury, plaintiff appeals from so much of an order of the Supreme Court, Nassau County, dated December 20, 1963, as granted defendants' motion and struck the action from the calendar unless, within specified periods, plaintiff: (a) furnished to defendants the reports of two physicians whom plaintiff stated he intended to call as trial witnesses; and (b) submitted the injured infant to a physical examination should defendants desire such examination. Order, insofar as appealed from, reversed, with $10 costs and disbursements to the plaintiff; and defendants' motion, insofar as it seeks to strike the action from the calendar, denied, and insofar as it seeks other relief granted as follows: Upon the trial of this action plaintiff shall be precluded from offering in evidence any testimony or proof to the extent prescribed by the rules of this court (part 4, rule VIII, regulating physical examinations and exchange of medical information in personal injury and death actions, other than malpractice actions), unless plaintiff shall have complied with rule VII of such rules: (a) by furnishing to defendants, within 30 days after entry of the order hereon, supplemental medical reports and authorizations to examine hospital records, etc.; and (b) by serving upon defendants a notice specifying the place where and the time when the injured infant will be submitted for physical examination by defendants' doctor or doctors, such time to be not more than 10 days after the furnishing of said reports and authorizations. Rules VII and VIII establish the procedure to enable the plaintiff, after the action has been placed on the Trial Calendar, to avail himself of medical

testimony with respect to injuries and conditions previously unknown or nonexistent. If the plaintiff desires to avail himself of such testimony, he must submit in advance to the defendant copies of the supplemental reports and authorizations to examine the hospital records, etc. If he fail to do so, he may not offer the reports in evidence or use the testimony of any physician whose report has not been furnished. The rules are thus intended to be self-executing; they prescribe the procedure and the penalties for noncompliance; and they generally obviate the necessity for a motion or order. It will be noted, however, that striking the action from the calendar is not one of the sanctions prescribed; hence, under the circumstances here, it should not have been imposed. Beldock, P. J., Ughetta, Kleinfeld, Christ and Rabin, JJ., concur.